UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
YESHIVAH OF FLATBUSH,                              :     Docket No.
                                                                       :
                                        Plaintiff,             :
                                                                       :     **VERIFIED COMPLAINT**
       -against-                                              :
                                                                       :
                                                                       :
UNITED STATES POSTAL SERVICE,           :
                                                                       :
                                        Defendant.         :
------------------------------------------------------------------ X

Plaintiff Yeshivah of Flatbush ("Landlord"), by and through its attorneys, Rosenberg & Estis, P.C., for its Verified Complaint, alleges as follows:

## SUBJECT MATTER JURISDICTION

1.     Pursuant to the Postal Reorganization Act of 1970 (the "PRA"), 39 U.S.C. § 101 *et seq.*, Congress "waive[d] the immunity of the Postal Service from suit by giving it the power to 'sue and be sued in its official name.'" *U.S. Postal Service v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004), quoting 39 U.S.C. § 401.

2.     This Court also has jurisdiction over this action pursuant to 39 U.S.C. § 409(a), which states, "the United States district courts shall have original but not exclusive jurisdiction over all actions brough by or against the Postal Service."

3.     While the Contracts Dispute Act, 41 U.S.C. §§ 7101-7109 (the "CDA") grants the United States Court of Federal Claims exclusive jurisdiction over express or implied contracts made by an executive agency, the CDA does not divest this Court of jurisdiction here because the subject Lease (defined below) was entered into on May 6, 1969, before the enactment of the CDA, and Landlord therefore has the choice of seeking relief pursuant to either the CDA or PRA (39 U.S.C. § 409(a)), which allows Landlord to assert the causes of action set forth herein in this forum. *See, e.g.*, *Nationwide Postal Mgmt. v. U.S.*, No. 98-CV-401 RNC, 2000 WL 502619,

…

\*2 (D. Ct. 2000); *Spodek v.U.S. Postal Serv.*, 35 F.Supp.2d 160, 164 (D. Mass. 1999); *Jackson v. U.S. Postal Serv.*, 799 F.2d 1018, 1022 (5th Cir. 1986).

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to Landlord's claims occurred in the Eastern District of New York and the real property central to the controversy set forth herein is situated in the Eastern District of New York.

## NATURE OF ACTION

5. This is an action for ejectment, use and occupancy of the subject Premises (defined below) at the fair market value and damages due to defendant United States Postal Service's ("Tenant") holdover at the Premises, which has deprived Landlord of its right to use and occupy the Premises and will force Landlord to incur substantial costs to secure and prepare alternative premises for its required use.

## THE PARTIES AND THE PREMISES

6. Landlord is a New York not-for-profit educational corporation with its principal place of business in Brooklyn, New York.

7. Landlord is the owner of the building known as and located at 1288-1306 Coney Island Avenue, Brooklyn, New York, 11230-9997 (the "Premises").

8. Tenant is an independent establishment of the Executive Branch of the United States Government, with offices at 475 L'Enfant Plaza SW, Washington, D.C. 20260-0010.

9. Tenant operates the "Midwood Station" post office at the Premises.

## FACTUAL ALLEGATIONS

**A.      The Lease**

10.     Pursuant to a written Post Office Department Lease, dated as of May 6, 1969, between Exeter Roadside Co., Inc., as lessor, and the United States of America, as lessee (the "Initial Lease"), as supplemented by a Supplemental Agreement to Lease, dated August 20, 1986, between KGS Associates, as owner, and Tenant, as tenant (the "Lease Supplement"), as extended by Lease Amendment and Lease Extension No. 1, dated September 21, 2018, between KGS PO LLC ("Predecessor Landlord"), as landlord, and Tenant, as tenant (the "First Amendment"), and as further extended by Lease Amendment and Lease Extension No. 2, dated June 26, 2019, between Predecessor Landlord, as landlord, and Tenant, as tenant (the "Second Amendment", and collectively with the Initial Lease, Lease Supplement and First Amendment, the "Lease"), Tenant came into possession of the Premises.

11.     By Bargain and Sale Deed, dated July 28, 2022, Predecessor Landlord, as grantor, conveyed all right, title and interest in the Premises, including the Lease, to Landlord, as grantee.

12.     Pursuant to the terms of the Second Amendment, the monthly rental rate for the Premises was $41,250.00.

13.     Pursuant to the terms of the Second Amendment, the term of the Lease ended as of March 31, 2020.

14.     After the expiration of the Lease term, Tenant continued in possession of the Premises as a month-to-month tenant, on the same terms and conditions as the expired Lease.

- 4 -

**B.      Landlord Terminates Tenant's Right to Occupy the Premises**

15.     Landlord, having determined that it requires possession of the Premises for its own use, served Tenant with a Thirty (30) Day Notice of Termination, dated September 29, 2023 (the "Notice of Termination").

16.     The Notice of Termination provided, *inter alia*, that Landlord has elected to terminate Tenant's tenancy of the Premises, effective October 31, 2023 (the "Termination Date") and that Tenant is required to quit, vacate and surrender possession of the Premises to Landlord on or before the Termination Date, that being at least thirty days from the date the Notice of Termination was served.[1]

17.     Tenant's right to possess, use and occupy the Premises expired on the Termination Date.

18.     No agreement has been entered into between Landlord and Tenant that allows Tenant to possess, use or occupy the Premises beyond the Termination Date.

19.     Tenant has no right to use or occupy the Premises for the period after the Termination Date.

20.     Tenant continues to use, occupy and possess the Premises after the Termination Date without the authority, consent and/or permission of Landlord.

21.     Landlord is entitled to possession of the Premises.

---

[1] Based upon the terms and conditions of the expired Lease, Tenant tendered to Landlord monthly rent in the amount of $41,250.00 for October 2023, which Landlord accepted without prejudice to Landlord's rights pursuant to the Notice of Termination.

## FIRST CAUSE OF ACTION
(Ejectment)

22. Landlord repeats and realleges the allegations contained in paragraphs "1" through "21" above as if fully set forth herein.

23. Tenant's right to occupy the Premises expired on October 31, 2023.

24. Tenant did not vacate, relinquish or surrender possession of the Premises on or before the Termination Date.

25. Tenant is holding over and in possession of the Premises after the Termination Date without the permission of Landlord.

26. Landlord is entitled to immediate and actual possession of the Premises pursuant to Real Property Actions and Proceedings Law Article 6.

27. By reason of the foregoing, Landlord is entitled to:

   (i) A judgment declaring that Landlord is entitled to immediate possession of the Premises;

   (ii) A judgment directing the Sheriff to eject Tenant from the Premises; and

   (iii) The issuance of a Warrant of Eviction for the Premises, removing Tenant therefrom and putting Landlord into immediate possession.

## SECOND CAUSE OF ACTION
(Use and Occupancy)

28. Landlord repeats and realleges the allegations contained in paragraphs "1" through "27" above as if fully set forth herein.

29. Tenant is liable for the fair market value of its use and occupancy of the Premises for the period commencing on November 1, 2023 through and including the date that Tenant vacates and surrenders possession of the Premises to Landlord.

30. By reason of the foregoing, Landlord is entitled to a money judgment against Tenant for the fair market value of its use and occupancy of the Premises, in an amount to be determined by the Court, plus statutory interest.

### **THIRD CAUSE OF ACTION**
(Breach of Lease)

31. Landlord repeats and realleges the allegations contained in paragraphs "1" through "30" above as if fully set forth herein.

32. Tenant's right to occupy the Premises expired on October 31, 2023.

33. Tenant did not vacate, relinquish or surrender possession of the Premises on or before the Termination Date.

34. No agreement has been entered into between Landlord and Tenant that allows Tenant to possess, use or occupy the Premises beyond the Termination Date.

35. Tenant continues to possess, use and occupy the Premises after the Termination Date without the authority, consent and/or permission of Landlord.

36. Landlord is entitled to possession of the Premises.

37. By reason of Tenant's holdover, Landlord has been deprived of its right to possess, use and occupy the Premises and has been prevented from performing work in and to the Premises for Landlord's required use.

38. By reason of Tenant's holdover, Landlord must incur costs to, *inter alia*, retain a broker to search for alternative premises, rent the alternative premises and perform work in and to the alternative premises for Landlord's required use.

39. The costs Landlord will incur to secure and prepare the alternative premises as a result of Tenant's holdover at the Premises were reasonably foreseeable when Tenant entered into the Lease.

40. Landlord has fully performed its obligations under the Lease.

41. By reason of the foregoing, Tenant has failed and refused to comply with its obligations under the Lease, causing Landlord to sustain damages in an amount not presently calculable but to be determined by the Court, plus statutory interest.

**WHEREFORE**, Landlord respectfully demands and requests judgment herein as follows:

(a) On Landlord's First Cause of Action, (i) a judgment declaring that Landlord is entitled to immediate possession of the Premises; (ii) a judgment directing the Sheriff to eject Tenant from the Premises; and (iii) the issuance of a Warrant of Eviction for the Premises, removing Tenant therefrom and putting Landlord into immediate possession;

(b) On Landlord's Second Cause of Action, a money judgment against Tenant for the fair market value of its use and occupancy of the Premises in an amount to be determined, plus statutory interest;

(c) On Landlord's Third Cause of Action, a money judgment against Tenant for actual, compensatory and/or consequential damages in an amount to be determined, plus statutory interest; and

(d) For such other and further relief as may be just and proper, including attorneys' fees, costs and disbursements.

Dated: New York, New York
June 21, 2024

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Plaintiff*

By: *Deborah Riegel*
Deborah Riegel
733 Third Avenue
New York, New York 10017
(212) 867-6000

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF KINGS    )

Rabbi Dr. Jeffrey Rothman, being duly sworn, deposes and says:

1. I am Executive Vice President of Yeshivah of Flatbush, the plaintiff in this action.

2. I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The source of my information and belief is the books and records of plaintiff.

3. This Verification is made by deponent because plaintiff is a not-for-profit educational corporation and I am Executive Vice President thereof.

**YESHIVAH OF FLATBUSH**

By: _____
Name:  Rabbi Dr. Jeffrey Rothman
Title:  Executive Vice President

Sworn to before me this
21st day of June, 2024

_____
NOTARY PUBLIC

ADAM KAUFMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02KA6050417
Qualified in Nassau County
Commission Expires November 6, 20 26

RE\87731\0001\5275057v2